SEYFARTH SHAW LLP
Brian P. Long (SBN 232746)
bplong@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:  (213) 270-9600
Facsimile:  (213) 270-9601

SEYFARTH SHAW LLP
Reiko Furuta (SBN 169206)
rfuruta@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:  (310) 201-5219

Attorneys for Defendant
THE ANTHEM COMPANIES, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| VERONICA ARELLANO, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE ANTHEM COMPANIES, INC., an Indiana corporation; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. 37-2020-00026653-CU-OE-CTL<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Complaint Filed:  July 30, 2020<br>FAC Filed:  October 8, 2020 |

Defendant The Anthem Companies, Inc. ("Defendant") hereby answers the unverified First Amended Complaint (the "FAC") filed by Plaintiff Veronica Arellano ("Plaintiff").

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30, Defendant generally denies each and every allegation and cause of action contained in Plaintiff's FAC. In further answer to the FAC and without limiting the generality of the foregoing, Defendant denies that Plaintiff or any person she seeks to represent has been damaged in any amount, or at all, by reason of any act or omission of Defendant.

## AFFIRMATIVE DEFENSES

In further answer to Plaintiff's FAC, Defendant asserts the following additional separate defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.  Defendant reserves the right to amend its answer and to assert any additional separate defenses as may become available or apparent during the course of this litigation.

## FIRST SEPARATE DEFENSE

### (Failure to State a Claim – All Causes of Action)

1.  Neither the FAC as a whole, nor any purported claim alleged therein, states facts sufficient to constitute a cause of action or claim for relief against Defendant.

## SECOND SEPARATE DEFENSE

### (Statute of Limitations – All Causes of Action)

2.  Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure Sections 312, 338(a), 340, and 343, and Labor Code section 2699, et seq.

## THIRD SEPARATE DEFENSE

### (Estoppel – All Causes of Action)

3.  Plaintiff, by her conduct, is estopped to assert any cause of action against Defendant.

/ / /

/ / /

/ / /

## FOURTH SEPARATE DEFENSE

**(Laches – All Causes of Action)**

4. Plaintiff's claims are barred in whole or in part to the extent that the doctrine of laches applies.

## FIFTH SEPARATE DEFENSE

**(No Knowledge of Time Worked – First Cause of Action)**

5. Plaintiff's FAC is barred in whole or in part, to the extent that Defendant lacked actual or constructive knowledge of any purported time allegedly worked by Plaintiff or any employee Plaintiff seeks to represent. *See, e.g., Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981) (finding that "where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation").

## SIXTH SEPARATE DEFENSE

**(Accord and Satisfaction/Release – All Causes of Action)**

6. Plaintiff's FAC, and each purported claim alleged therein, is barred in whole or in part, pursuant to an accord and satisfaction or is barred to the extent that Plaintiff or any employee she seeks to represent has entered into or is otherwise bound by compromise, settlement, or release agreements regarding those claims.

## SEVENTH SEPARATE DEFENSE

**(Substantial Compliance – All Causes of Action)**

7. Plaintiff's FAC, and each purported claim alleged therein, is barred in whole or in part because Defendant complied with its statutory obligations, and to the extent it is determined that there was technical non-compliance, Defendant substantially complied with its obligations and is not liable in whole or in part for the claims of Plaintiff or some or all of the others she seeks to represent.

///

///

///

**EIGHTH SEPARATE DEFENSE**

(*De Minimis* Doctrine – First Cause of Action)

8.   Plaintiff's FAC fails to the extent that even if Plaintiff or any employee she seeks to represent was not paid for all work performed, such activities were "so irregular or brief in duration that employers may not be reasonably required to compensate employees for the time spent on them." *Troester v. Starbucks Corp.*, 5 Cal. 5th 829 (2018).

**NINTH SEPARATE DEFENSE**

(Meal Breaks Provided – Second Cause of Action)

9.   Plaintiff's claims, and the claims of any employee she seeks to represent, are barred to the extent that legally-compliant meal periods were provided, but Plaintiff or any employee failed to avail themselves of such meal periods or voluntarily chose not to take their meal periods. *See Brinker Restaurant Corp. v. Superior Court*, 53 Cal. 4th 1004 (2012).

**TENTH SEPARATE DEFENSE**

(Meal Period Waiver –Second Cause of Action)

10.   To the extent that the claim is based upon failure to provide meal periods, the claim is barred to the extent that Plaintiff or any employee she seeks to represent voluntarily waived the right to a meal period for shifts of more than five but less than six hours or shifts of more than 10 hours but less than 12 hours, because no violation of the California Labor Code or the IWC Wage Orders exists.

**ELEVENTH SEPARATE DEFENSE**

(Not Willful/Good Faith Dispute – All Causes of Action)

11.   Plaintiff is not entitled to any penalty because, at all times relevant and material herein, Defendant did not willfully, or "knowingly and intentionally," fail to comply with any provisions of the California Labor Code or applicable wage orders, but rather acted in good faith and had reasonable grounds for believing that it did not violate the California Labor Code or the applicable wage order.

/ / /

/ / /

/ / /

**TWELFTH SEPARATE DEFENSE**

**(Offset – All Causes of Action)**

12. To the extent that Plaintiff or any employee she seeks to represent is entitled to damages or penalties, Defendant is entitled to an offset for any payments of wages, or other remuneration previously provided to them.

**THIRTEENTH SEPARATE DEFENSE**

**(Waiver – All Causes of Action)**

13. Plaintiff and any employee she seeks to represent is not entitled to any relief to the extent that the employee waived the right to relief.

**FOURTEENTH SEPARATE DEFENSE**

**(Unclean Hands – All Causes of Action)**

14. Plaintiff's purported claims are barred in whole or in part by the doctrine of unclean hands.

**FIFTEENTH SEPARATE DEFENSE**

**(Res Judicata/Collateral Estoppel – All Causes of Action)**

15. Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata or claim preclusion, to the extent that Plaintiff or any employee she seeks to represent has asserted in any prior legal or administrative proceeding that she or she was entitled to additional payment for wages, overtime or penalties, and did not prevail on any such claim reduced to judgment.

**SIXTEENTH SEPARATE DEFENSE**

**(Due Process – All Causes of Action)**

16. Plaintiff's claims are barred because prosecution of this action by Plaintiff and the employees she seeks to represent as a class or representative action would constitute a denial of Defendant's substantive and procedural due process rights under the Fourteenth Amendment of the United States Constitution and under the Constitution and laws of the State of California.

/ / /

/ / /

/ / /

**SEVENTEENTH SEPARATE DEFENSE**

**(Due Process/Excessive Penalties – All Causes of Action)**

17. Plaintiff is not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary, and oppressive, or confiscatory or disproportionate to any damage or loss incurred as a result of Defendant's alleged conduct and therefore unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article I, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article I, and other provisions of the California Constitution.

**EIGHTEENTH SEPARATE DEFENSE**

**(Lack Of Standing Under Business And Professions Code § 17200 - Fifth Cause Of Action)**

18. Plaintiff's FAC, and each purported cause of action alleged therein, fails to the extent that Plaintiff, or any person upon whose behalf Plaintiff purports to act, lacks the requisite standing to sue under California Business and Professions Code § 17204.  Under Section 17200, any plaintiff suing for an alleged violation of the California Unfair Competition Law (the "UCL"), California Business and Professions Code § 17200, *et seq.*, must show that he or she has suffered an injury in fact, in addition to simply alleging a loss of money or property.  Since Plaintiff, or any other person on whose behalf Plaintiff purports to act, cannot allege the requisite injury in fact, in addition to the requisite loss of money or property, Plaintiff lacks standing to sue under the UCL.

**NINETEENTH SEPARATE DEFENSE**

**(Lack Of Standing For Injunctive Relief - Fifth Cause Of Action)**

19. The claims of Plaintiff and the putative class members for injunctive and other equitable relief are barred because they are not entitled to the equitable relief sought insofar as they have an adequate remedy at law or cannot make the requisite showing to obtain injunctive relief in a labor dispute.

66305073v.1

## TWENTIETH SEPARATE DEFENSE

### (Release - All Causes of Action)

20. To the extent Plaintiff or any employee she seeks to represent has executed a release encompassing claims alleged in the FAC, their claims are barred by that release.

## TWENTY-FIRST SEPARATE DEFENSE

### (Failure To Exhaust Administrative Remedies - Seventh Cause of Action)

21. Plaintiff's claim for civil penalties pursuant to the Private Attorneys General Act of 2004, Labor Code § 2698 et seq., is barred because Plaintiff failed to exhaust her administrative remedies before the Labor and Workforce Development Agency of the State of California or the Department of Industrial Relations.

## TWENTY-SECOND SEPARATE DEFENSE

### (Unjust, Arbitrary, And Oppressive, Or Confiscatory Penalties - Seventh Cause of Action)

22. Plaintiff is not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary, and oppressive, or confiscatory.

## TWENTY-THIRD SEPARATE DEFENSE

### (Unlawful Delegation of Executive Authority - Seventh Cause of Action)

23. Plaintiff's claim for violation of the Private Attorney General Act is barred to the extent private actions seeking PAGA penalties manifest an unlawful delegation of executive authority.

## TWENTY-FOURTH SEPARATE DEFENSE

### (No Penalties Beyond "Initial" Violation - Seventh Cause of Action)

24. The Complaint is barred to the extent Plaintiff or any allegedly aggrieved employee seeks penalties beyond the "initial" violation as described in California Labor Code § 2699(f)(2).

## PRAYER

WHEREFORE, Defendant prays as follows:

1. That Plaintiff takes nothing by her FAC;

2. That judgment be entered in favor of Defendant and against Plaintiff on all claims for relief;

3. That Defendant be awarded reasonable attorneys' fees according to proof;

4. That Defendant be awarded the costs of suit incurred herein; and

5. That Defendant be awarded such other and further relief as the court may deem appropriate and proper.

DATED: October 20, 2020

Respectfully submitted,

SEYFARTH SHAW LLP

By: *Reiko Furuta*
Brian Long
Reiko Furuta
Attorneys for Defendant
The Anthem Companies, Inc.